# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 22, 2009

Charles R. Fulbruge III
Clerk

No. 09-10077
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JORGE DE LA LUZ-ANTONIO,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:08-CR-49-1

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jorge De La Luz-Antonio (De La Luz) pleaded guilty to transporting illegal aliens. The presentence report (PSR) set De La Luz's offense level at 18 pursuant to U.S.S.G. § 2L1.1(b)(6) based on a finding that "the offense involved intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person." De La Luz appeals the enhancement, asserting that the adjustment should not have been applied because the aliens had access to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

oxygen, were not exposed to extreme temperatures, and could exit the vehicle quickly if necessary. *See United States v. Zuniga-Amezquita*, 468 F.3d 886, 889 (5th Cir. 2006)(setting forth factors to be considered in applying this adjustment).

Because the facts related to this adjustment are not in dispute, we review de novo the legal question of the applicability of the adjustment. *United States v. Solis-Garcia*, 420 F.3d 511, 514 (5th Cir. 2005). According to the PSR and the addendum, De La Luz was transporting 11 illegal aliens in a minivan rated for seven passengers. *See United States v. Mateo Garza*, 541 F.3d 290, 294 (5th Cir. 2008)(indicating in dicta that a vehicle carrying four people more than its rating would "[p]robably" be considered "substantially more" than the rated capacity of the vehicle). Additionally, the rear seats of the vehicle had been removed, and the deputy sheriff who had stopped the vehicle identified five unsecured cinder blocks in the rear of the minivan, on which some of the aliens were sitting. The blocks could overturn or become projectiles in the event of an accident, which could cause injuries to an individual sitting on a cinder block or to others in the vehicle. *See Zuniga-Amezquita*, 468 F.3d at 890. Therefore, the aliens faced a greater "risk of injury . . . than that faced by an ordinary passenger, without a seatbelt." *Id.* In light of these aggravating factors, the district court's imposition of the enhancement is AFFIRMED.